IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| LADARIUS JOHNSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-156-Z-BR |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Tyson Foods, Inc.'s ("Tyson Foods") Motion to Dismiss ("Motion") (ECF No. 6). Having considered the procedural history and pleadings, the Court finds Defendant's Motion should be and is hereby **GRANTED**.

### BACKGROUND

On July 9, 2021, Plaintiffs sued Tyson Foods in the 181st Judicial District Court in Potter County, Texas. ECF No. 1 at 25. Plaintiffs — all Texas residents — allege unsafe working conditions at a Tyson Foods meatpacking plant in Amarillo caused them to contract COVID-19. *Id.* at 25–26. Plaintiffs argue Tyson Foods failed to take adequate precautions to protect workers at its meatpacking facilities before and after the Governor of Texas issued a stay-at-home order that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiffs aver Tyson Foods required its employees to report for work at the factory. *Id.* at 27–28.

Plaintiffs allege at least 7,100 Tyson Foods employees have contracted COVID-19, and that at least 24 have died from being exposed to COVID-19 at a Tyson Foods meatpacking facility. *Id.* at 28. In Texas, Tyson Foods does not provide its employees with workers' compensation insurance. *Id.* Instead, Tyson Foods implemented a program called the Workplace Injury

Settlement Program ("WISP"). *Id.* Under WISP, Tyson Foods employees must sign releases that forfeit their right to sue the company before the employees can collect injury benefits. *Id.*

Plaintiffs aver Tyson Foods' "negligent and grossly negligent" conduct caused the "underlying incident." *Id.* Plaintiffs seek damages exceeding $1,000,000. *Id.* at 31. On August 13, 2021, Tyson Foods removed Plaintiffs' civil action to this Court citing diversity jurisdiction under 28 U.S.C. § 1332, federal-officer removal under 28 U.S.C. § 1442 (a)(1), and federal-question jurisdiction under 28 U.S.C. § 1331. *Id.* at 1. On August 20, 2021, Tyson Foods moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See* ECF No. 6 at 7.

**LEGAL STANDARDS**

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (internal marks and citation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal marks and citation omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Constr. Co., Inc. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal marks and citation omitted).

The Court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). After assuming the veracity of any well-pleaded allegations, the Court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted).

This standard of "plausibility" is not necessarily a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**ANALYSIS**

Tyson Foods argues the Court should dismiss Plaintiffs' Complaint for four reasons. First, Plaintiffs fail to allege facts under the Pandemic Liability Protection Act ("PLPA") that: (1) Tyson Foods "*knowingly* failed to warn of or remediate conditions that Tyson *knew* were likely to result in Plaintiffs' exposure to COVID-19"; (2) "Tyson's alleged conduct was the 'cause in fact' of Plaintiffs' COVID-19 infections"; (3) and "'reliable scientific evidence' supports those conclusions." ECF No. 6 at 7. Second, Plaintiffs fail to state a plausible, non-conclusory allegation. *Id.* Third, Plaintiffs' Complaint fails to allege how its theory of liability fits within the express preemption of the Federal Meat Inspection Act ("FMIA"). *Id.* at 8. Fourth, that Plaintiffs' Complaint does not account for the "national emergency declared by the then-President, the designation of Tyson as critical infrastructure, and additional reinforcing federal directives." *Id.*

### A. Pandemic Liability Protection Act

PLPA requires Plaintiffs to show with "reliable scientific evidence . . . that the failure to warn the individual of the condition . . . was the cause in fact of the individual contracting the disease." TEX. CIV. PRAC. & REM. CODE § 148.003(a)(1-2).

Like the plaintiffs in *Wazelle v. Tyson Foods Inc.*, No. 2:20-CV-203-Z, 2021 WL 4145090, at *1 (N.D. Tex. Aug. 20, 2021), Plaintiffs here fail to allege "reliable scientific evidence shows" Tyson Foods' actions caused Plaintiffs to contract the disease. Like *Wazelle*, Plaintiffs here do not allege the dates they contracted COVID-19. Thus, it is *"impossible* for the Court to determine if Defendants had a 'reasonable opportunity' to implement government-promulgated standards to warn the Plaintiffs of dangerous infectious conditions." *Id.*

Plaintiffs request that — if necessary — the Court grant an opportunity to amend their complaint to add facts to avoid dismissal as this Court did in *Wazelle*. *Id.* at *2; ECF No. 12 at 26. But unlike the plaintiffs in *Wazelle*, PLPA was not passed *after* Plaintiffs here filed their Complaint. *See* 2021 WL 4145090, at *1. Plaintiffs filed their Original Petition on July 9, 2021, weeks after PLPA was signed into law by the Governor of Texas on June 14, 2021. ECF No. 1 at 25; ECF No. 6 at 14.

Plaintiffs had the opportunity to file a complaint in compliance with PLPA pleading requirements. But they did not.[1] Plaintiffs also failed to present "reliable scientific evidence" showing Tyson Foods caused their injuries in their Response to Defendant's Motion. *See* ECF No. 12 at 11–13. Plaintiffs instead make a "bare request" without a "proposed amendment" or "grounds for . . . amendment" insufficient under Federal Rule of Civil Procedure 15(a). *United*

---

[1] *See Benfield v. Magee*, 945 F.3d 333, 339–40 (5th Cir. 2019) (denying leave to amend where the plaintiff "could have amended his complaint as a matter of course in response to [the defendant's] motion, which pointed out the deficiencies," but instead "stood on his pleading, arguing that he had, in fact, stated a claim," and "never stated what he would amend").

*States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003) (quotation omitted).[2] Thus, Plaintiffs fail to state a claim under PLPA, and the Court denies them the opportunity to file an amended complaint.

### B. Lack of Plausible, Non-Conclusory Allegations of Causation

For allegations in a complaint to meet *Iqbal* and *Twombly* pleading standards, the Court must "identify the complaint's well-pleaded factual content," and then ask whether it can "reasonably infer from the complaint's well-pleaded factual content 'more than the mere possibility of misconduct.'" *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). A court applies its own "judicial experience" and "common sense" when carrying out the "context-specific" task in determining whether the well-pleaded factual content in a complaint is plausible. *Iqbal*, 556 U.S. at 679. Courts must be able to infer from a complaint "more than the mere possibility of liability." *Waller*, 922 F.3d at 599 (quoting *Iqbal*, 556 U.S. at 679). Well-pleaded facts do not pass the plausibility threshold when a plaintiff's alleged harm can be explained by another cause that the complaint fails to rebut through "sufficient factual matter." *Iqbal*, 556 U.S. at 678.

Here, Plaintiffs do not properly allege causation but instead repeatedly plead the unsupported conclusion that each plaintiff "worked at Tyson's Amarillo, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Amarillo, Texas facility." ECF No. 1 at 26–27. Plaintiffs fail to provide factual allegations supporting their legal conclusion

---

[2] Plaintiffs include a "bare request" for leave to amend in their Response to Defendant's Motion. ECF No. 12 at 26. Plaintiffs fail to "set forth with particularity the grounds for the amendment and the relief sought." *Dow Chemical Co.*, 343 F.3d at 331 (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003)). Further, "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (citing *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

that Tyson Foods' conduct was "negligent and grossly negligent and was the cause of the underlying incident." *Id.* at 28.

Further, Plaintiffs do not include direct or circumstantial factual allegations such as scientific evidence or dates in which the virus was contracted to demonstrate that Tyson Foods' actions — or lack thereof — proximately caused their injuries.[3] This lack of evidence creates a "mere conjecture, guess, or speculation" of the "cause in fact." *Excel Corp. v. Apodace*, 81 S.W.3d 817, 820 (Tex. 2002) (citing *Havner v. E-Z-Mart Stores, Inc.*, 825 S.W.2d 456, 459 (Tex. 1992)). Because the Court finds Plaintiffs' arguments "conclusory and speculative," Plaintiffs fail to meet the *Twombly/Iqbal* pleading standard.

Even if Plaintiffs presented a well-pleaded complaint, it would not meet the plausibility requirements. Plaintiffs lack sufficient factual content to argue that their COVID-19 contraction and resulting injuries occurred at — and due to the actions of — the Tyson Foods factory. In their Complaint, Plaintiffs argue each Plaintiff "worked at Tyson's Amarillo, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Amarillo, Texas facility." ECF No. 1 at 26–27. Such "naked assertions" lacking "further factual enhancement" do not rule out the possibility that Plaintiffs' alleged COVID-19 injuries resulted from another actor's actions at a different place. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiffs thus fail to plead sufficient facts to make plausible allegations against Tyson Foods.

---

[3] In Texas, "proximate cause" is an element of negligence. *Excel Corp. v. Apodace*, 81 S.W.3d 817, 820 (Tex. 2002).

### C. Express Federal Preemption

Defendant argues federal law preempts Plaintiffs' negligence claim under FMIA. ECF No. 6 at 18. FMIA states:

> Requirements within the scope of this chapter with respect to premises, facilities and operations of any establishment at which inspection is provided under subchapter I of this chapter, which are in addition to, or different than those made under this chapter may not be imposed by any State . . . .

21 U.S.C. § 678.

This provision "sweeps widely" and "prevents a State from imposing any additional or different — even if nonconflicting — requirements that fall within the scope of the Act and concern a slaughterhouse's facilities or operations." *Nat'l Meat Ass'n. v. Harris*, 565 U.S. 452, 459–60 (2012). A state requirement falls within the scope of FMIA preemption if the Food Safety and Inspection Service ("FSIS") "could issue regulations under the FMIA . . . mandating" the requirement. *Id.* at 466. "[C]ommon-law liability is 'premised on the existence of a legal duty.'" *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 324 (2008) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 522 (1992)). "[A] tort judgment therefore establishes that the defendant has violated a state-law obligation" and is a "requirement" for purposes of preemption. *Id.*

Here, there is no question that the FSIS could issue regulations regarding sanitation, personal protective equipment, and infectious disease. FSIS has *already* issued regulations that govern these areas. *See* 9 C.F.R. § 416.5(c) ("Any person who has or appears to have an infectious disease . . . must be excluded from any operations which could result in product adulteration and the creation of insanitary conditions until the condition is corrected."); *see also* 9 C.F.R. §§ 416.5(b), 416.4.

Further, Plaintiffs allege Tyson Foods was negligent in failing to implement various safety measures, such as "provid[ing] adequate PPE," "implement[ing] adequate precautions and social distancing," and by "allow[ing] and require[ing] individuals who were infected with COVID-19 to continue to work." ECF No. 1 at 29. FSIS *could* and *has* imposed such safety measures. ECF No. 6 at 25. They are, thus, "different" from and in "addition" to the requirements FSIS imposes. Therefore, Plaintiffs' negligence claims fall within FMIA's express preemption provision.

### D. Federal Designations and Orders

Pursuant to the Defense Procedure Act ("DPA"), the President issued the *Food Supply Chain Resources* executive order instructing the Secretary of Agriculture to "take all appropriate action . . . to ensure that meat and poultry processors continue operations . . . ." Exec. Order No. 13917, 85 Fed. Reg. 26,313 (Apr. 28, 2020).

Congress delegates discretion to the President to determine the "manner," "conditions," and "extent" of critical infrastructure industries' operations during an emergency. 50 U.S.C. § 4511(a). Additionally, the DPA "accord[s] the Executive Branch great flexibility" in "seek[ing] compliance with its priorities policies." *E. Air Lines, Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957, 993–94 (5th Cir. 1976). Once the President makes critical infrastructure determinations, "state law is naturally preempted to the extent of any conflict with a federal statute." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). "Such a conflict occurs when . . . the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Hillman v. Maretta*, 569 U.S. 483, 490 (2013) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

The President made determinations regarding the "manner," "extent," and "conditions" of meat and poultry processors' operations during the COVID-19 pandemic and issued the *Food Supply Chain Resources* order pursuant to his delegated DPA authority. 50 U.S.C. § 4511(a); 50 U.S.C. §§ 4501 *et seq*. Plaintiffs seek to impose liability on Tyson Foods for failure to operate consistent with state-law standards. *See* ECF No. 1 at 25–26. Such standards constitute state-law determinations regarding the "manner," "extent," and "conditions" of meat and poultry processors' operations which compromise the President's ability to make such determinations for the entire nation. *See* 50 U.S.C. § 4511(a). Because application of those state-law standards would undermine the President's statutory authority to adopt policies in "compliance with [his] priorities," Plaintiffs' claims are preempted. *E. Air Lines, Inc.*, 532 F.2d at 993–94; *see also Hines*, 312 U.S. at 67.

CONCLUSION

For the reasons stated herein, Plaintiffs fail to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's Motion and dismisses this case **WITH PREJUDICE**. The Court hereby **ORDERS** the United States District Clerk to **CLOSE** this civil case.

**SO ORDERED.**

January 20, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE